1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                    **EASTERN DISTRICT OF CALIFORNIA**

8

9

10

11   VINH NGOC HA,                    Case No. 1:14-cv-01120-LJO-BAM-HC

12           Petitioner,             FINDINGS AND RECOMMENDATIONS TO
                                      GRANT RESPONDENT'S MOTION TO
13                                    DISMISS THE PETITION FOR WRIT OF
        v.                           HABEAS CORPUS (DOC. 13)
14
     MICHAEL L. BENOV,                FINDINGS AND RECOMMENDATIONS TO
15                                    DISMISS THE PETITION FOR WRIT OF
             Respondent.             HABEAS CORPUS AS MOOT (DOC. 1) AND
16                                    DIRECT THE CLERK TO CLOSE THE CASE

17                                    OBJECTIONS DEADLINE:
                                      THIRTY (30) DAYS

18        Petitioner is a federal prisoner proceeding pro se and in forma

19   pauperis with a petition for writ of habeas corpus pursuant to 28

20   U.S.C. § 2241.  The matter has been referred to the Magistrate Judge

21   pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304.

22   Pending before the Court is the Respondent's motion to dismiss the

23   petition as moot, which was served and filed on October 21, 2014.

24   Although the time for filing opposition has passed, no opposition or

25   notice of non-opposition has been filed.

26        I.   Background

27        Petitioner, an inmate of the Taft Correctional Institution

28

                                      1

1  (TCI), challenges two separate sanctions of forfeiture of twenty-

2  seven (27) days of time credit that were imposed in two disciplinary

3  proceedings at TCI.  It was found that Petitioner engaged in

4  telephone abuse on December 30, 2010, and that he engaged in

5  fighting on March 20, 2013.  (Pet., doc. 1, 2-19.)  Petitioner seeks

6  invalidation of the sanction.  Petitioner raises the following

7  claims in the petition:  1) because the disciplinary hearing officer

8  (DHO) was not an employee of the Federal Bureau of Prisons (BOP) and

9  thus lacked the authority to conduct the disciplinary hearing and

10 make findings resulting in punishment, including disallowance of

11 good time credit, Petitioner suffered a violation of his right to

12 due process of law; and 2) because the hearing officer was not an

13 employee of the BOP but rather was an employee of a private entity

14 with a financial interest in the disallowance of good time credits,

15 Petitioner's due process right to an independent and impartial

16 decision maker at the disciplinary hearing was violated.  (Id. at 3-

17 9.)

18      Respondent moves for dismissal of the petition for mootness

19 because the disciplinary charges were reheard via teleconference on

20 January 30, 2014, by a certified disciplinary hearing officer of the

21 BOP.  At the rehearing the BOP DHO found that Petitioner had

22 committed the prohibited misconduct, and he assessed the same

23 disallowance of good conduct time credit (twenty-seven days for each

24 violation) with additional limitations on privileges.  (Decl., doc.

25 13-1 at 3-4.)

26      II.  Mootness

27      Federal courts lack jurisdiction to decide cases that are moot

28 because the courts' constitutional authority extends to only actual

1  cases or controversies.  Iron Arrow Honor Society v. Heckler, 464

2  U.S. 67, 70-71 (1983).  Article III requires a case or controversy

3  in which a litigant has a personal stake in the outcome of the suit

4  throughout all stages of federal judicial proceedings and has

5  suffered some actual injury that can be redressed by a favorable

6  judicial decision.  Id.  A petition for writ of habeas corpus

7  becomes moot when it no longer presents a case or controversy under

8  Article III, § 2 of the Constitution.  Wilson v. Terhune, 319 F.3d

9  477, 479 (9th Cir. 2003).  A petition for writ of habeas corpus is

10  moot where a petitioner's claim for relief cannot be redressed by a

11  favorable decision of the court issuing a writ of habeas corpus.

12  Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting

13  Spencer v. Kemna, 523 U.S. 1, 7 (1998)).  Mootness is

14  jurisdictional.  See Cole v. Oroville Union High School District,

15  228 F.3d 1092, 1098-99 (9th Cir. 2000).  Thus, a moot petition must

16  be dismissed because nothing remains before the Court to be

17  remedied.  Spencer v. Kemna, 523 U.S. 1, 18.

18      Here, documentation submitted by Respondent in support of the

19  motion to dismiss demonstrates that the claims initially alleged by

20  Petitioner are no longer in controversy.  The charges were reheard

21  by an officer who had the very qualifications that Petitioner had

22  alleged were required by principles of due process of law and the

23  pertinent regulations.  It is undisputed that the findings and

24  sanctions that constituted the object of Petitioner's challenges in

25  the petition have now been superseded by the findings and sanctions

26  of the certified BOP DHO.

27      When, because of intervening events, a court cannot give any

28  effectual relief in favor of the petitioner, the proceeding should

3

1  be dismissed as moot.  Calderon v. Moore, 518 U.S. 149, 150 (1996).

2  In the present case, it appears that the only relief that Petitioner

3  sought was invalidation of the findings and associated sanctions.

4  It appears that the rehearing of the incident report by an

5  indisputably qualified DHO has effectuated the relief sought by

6  Petitioner.  Thus, it is no longer possible for this Court to issue

7  a decision redressing the injury.  Petitioner has not asserted any

8  factual or legal basis that would preclude a finding of mootness.

9      The Court thus concludes that the matter is moot because the

10  Court may no longer grant any effective relief.  See Badea v. Cox,

11  931 F.2d 573, 574 (9th Cir. 1991) (holding that a habeas claim was

12  moot where a former inmate sought placement in a community treatment

13  center but was subsequently released on parole and no longer sought

14  such a transfer); Kittel v. Thomas, 620 F.3d 949 (9th Cir. 2010)

15  (dismissing as moot a petition seeking early release where the

16  petitioner was released and where there was no live, justiciable

17  question on which the parties disagreed).

18      Accordingly, it will be recommended that the Court grant the

19  motion to dismiss the petition as moot.

20      III.   Recommendations

21      Accordingly, it is RECOMMENDED that:

22      1) Respondent's motion to dismiss the petition as moot be

23  GRANTED; and

24      2) The petition for writ of habeas corpus be DISMISSED as moot;

25  and  3) The Clerk be DIRECTED to close the action.

26      These findings and recommendations are submitted to the United

27  States District Court Judge assigned to the case, pursuant to the

28  provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

1   Rules of Practice for the United States District Court, Eastern

2   District of California.  Within thirty (30) days after being served

3   with a copy, any party may file written objections with the Court

4   and serve a copy on all parties.  Such a document should be

5   captioned "Objections to Magistrate Judge's Findings and

6   Recommendations."  Replies to the objections shall be served and

7   filed within fourteen (14) days (plus three (3) days if served by

8   mail) after service of the objections.  The Court will then review

9   the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

10  The parties are advised that failure to file objections within the

11  specified time may "waive their right to challenge the magistrate's

12  factual findings" on appeal.  Wilkerson v. Wheeler, - F.3d -, -, no.

13  11-17911, 2014 WL 6435497, *3 (9th Cir. Nov. 18, 2014) (citing

14  Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

15  IT IS SO ORDERED.

16      Dated:    **December 10, 2014**          /s/ *Barbara A. McAuliffe*

17                                              UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28